UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------x
:
JERRELL COOK                    :         3:19 CV 1982 (MPS)
*Plaintiff*                     :
                                :
v.                              :
                                :
PHILLIPS ET AL                  :         DATE: FEBRUARY 12, 2020
*Defendants*                    :
-----------------------------------------------x

RULING ON INITIAL REVIEW UNDER 28 U.S.C. § 1915A

On December 18, 2019, the plaintiff Jerrell Cook, *pro se*, commenced this civil rights action pursuant to 42 U.S.C. § 1983, against Stamford Police Officers Derocco, Leachan, Jentz and Garay, as well as Sergeant Phillips, alleging that they used excessive force during their arrest of the plaintiff on January 8, 2019. (Doc. No. 1). On January 27, 2020, the plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis*. (Doc. No. 6). On January 30, 2020, United States Magistrate Judge William I. Garfinkel granted the plaintiff's motion. (Doc. No. 7). That same day, United States District Judge Michael P. Shea referred this matter to the undersigned for initial review under 28 U.S.C. § 1915A. (Doc. Nos. 8, 10).

I.    LEGAL STANDARD

Section 1915 provides, in relevant part:

[A]ny court of the United States may authorize the commencement of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possess that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). The same statute that authorizes the Court to grant *in forma pauperis* status to a plaintiff also contains a provision that protects against the abuse of this privilege. Subsection (e) provides that the Court "shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Under 28 U.S.C. § 1915A, "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *Id.*, § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*, § 1915A(b).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of the minimum pleading standards set forth in Rule 8 is to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004); *see also Swierkiewicz v. Sorema, S.A.*, 534 U.S. 506, 512 (2002). Though detailed allegations are not required, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level"; a plaintiff must plead "enough

2

facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted)).

Judge Garfinkel granted the plaintiff *in forma pauperis* status on January 30, 2020. This Court moves to the second step of the process and reviews the merits of the Complaint. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(a). For the reasons set forth below, the Court recommends that the claim for discrimination in violation of the Fourteenth Amendment be dismissed without prejudice as to all of the defendants, and that the remaining claims of excessive force and unreasonable search and seizure, in violation of the Fourth Amendment, and of common law assault and battery be allowed to proceed against Defendants Derocco, Leachan and Phillips. As to the claims against the defendants in their official capacities, and the claims against Defendants Jentz and Garay in their individual capacities, the Court recommends dismissal without prejudice.

II.   MERITS OF THE COMPLAINT

The Complaint alleges that, on January 8, 2019, Stamford Police Sergeant Phillips and Officers Derocco, Leachan, Jentz and Garay "ran up on the plaintiff from behind" as he was "walking towards a friend's home." (Compl. § IV, ¶¶ 1-2). The plaintiff alleges that

3

Defendant Derocco put the plaintiff in a choke hold that obstructed his breathing and caused him to "gasp for air." (*Id*. § IV, ¶ 3). He also states that Defendant Phillips simultaneously punched him multiple times, "trying to get [him] to open his mouth," and Defendant Leachan, without wearing gloves, gripped his jaw and forced his right hand inside the plaintiff's mouth. (*Id*. § IV, ¶¶ 4-6). The plaintiff claims that that he passed out due to difficulty breathing. (*Id*. § IV, ¶ 7). When he "awoke, Defendant Leachan's right hand was still inside [the] plaintiff's mouth, while Defendant Phillips was still punching [him] with excessive force, and [he was] still in a chokehold by Defendant Derocco." (*Id*. § IV, ¶ 8). Immediately after the assault, the plaintiff opened his mouth to show the officers he had nothing inside his mouth. (*Id*. § IV, ¶ 9). "A lot of blood came out from inside [the] [p]laintiff's mouth." (*Id.* § IV, ¶ 10). Officer J. Bloomberg arrived and transported the plaintiff to the Stamford Police Department. (*Id*. § IV, ¶¶ 11-12). Several hours later, after complaining of pain, and requesting to see a doctor, the police brought the plaintiff to the emergency room where a physician treated his injuries. (*Id*. § IV, ¶¶ 13-14). The examining physician determined that the plaintiff had not ingested any drugs and that he had suffered lip abrasions and a "vasovagal syncope" (a sudden drop in heart rate and blood pressure leading to fainting)[1] from the arrest. (*Id.* § IV, ¶¶ 15-16).

---

[1] *Vasovagal syncope*, MAYO CLINIC, https://www.mayoclinic.org/diseases-conditions/vasovagal-syncope/symptoms-causes/syc-20350527?page=0&citems=10 (last visited Feb. 12, 2020).

A.  Equal Protection Claim

To the extent the plaintiff alleges a cause of action for discrimination in violation of his rights under the Equal Protection Clause of the Fourteenth Amendment, the Court must recommend dismissal without prejudice. In order to present a claim of discrimination cognizable under the Equal Protection Clause, a plaintiff must demonstrate that, "compared with others similarly situated," he was "selectively treated" and that "such selective treatment was based on impermissible considerations such as race." *LaTrieste Rest. & Cabaret v. Vill. of Portchester*, 40 F.3d 587, 590 (2d Cir. 1994). Though the Complaint states that all of the defendants are white, (*see* Compl. § IV, § 17), and that "[b]lack people have died because of white law enforcement choking them to death," (*Id.* § IV, ¶ 18), the plaintiff has not alleged that the officers intentionally treated him differently than similarly situated individuals, nor that any differential treatment was based on an impermissible considerable, such as race. When the complaint fails to comply with the pleading requirements set forth in Rule 8, dismissal is appropriate, but under such circumstances, the court "should generally give the plaintiff leave to amend." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (citations omitted). The Court need not grant leave to amend, however, when amendment would be "futile." *Cuoco v. Moritusugu*, 222 F.3d 99, 112 (2d Cir. 2000). Because the Court cannot say that, in this case, any attempt to amend the Complaint would be futile, this claim should be dismissed without prejudice.

B.   Fourth Amendment Excessive Force and State Law Assault and Battery Claims

In this Court's view, the plaintiff has stated plausible causes of action for excessive force in violation of the Fourth Amendment, as well as the torts of assault and battery. "A police officer's use of force is excessive if it was objectively unreasonable in light of the circumstances that existed at the time." *Vializ v. Crespo*, No. 12-CV-724 (RNC), 2012 WL 6597465, at *2 (D. Conn. Dec. 18, 2012). Here, the Complaint alleges that Defendant Derocco put the plaintiff in a choke hold, causing him to have difficulty breathing and to pass out. He also alleges that Defendant Phillips punched him multiple times and that Defendant Leachan grabbed his jaw and forced his hand inside his mouth. Crediting the allegations and construing them liberally in favor of the plaintiff, *see Sykes*, 723 at 403, the Court finds that the allegations could support a claim that objectively unreasonable and excessive force was used.[2]

C.   Fourth Amendment Unlawful Search and Seizure Claim

The Court finds that the plaintiff has stated a plausible cause of action for unreasonable search and seizure in violation of the Fourth Amendment. As noted above, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader

---

[2] The plaintiff also includes "strangulation" in the section of the Complaint labeled "Claims for Relief." In Connecticut, strangulation is a criminal offense. *See* General Statutes §§ 53a-64aa, 53a-64bb, 53a-64cc. To the extent the plaintiff alleges a cause of action under these statutes, such a claim must be dismissed. *See Cent. Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare criminal statute"). Further, there is no independent civil cause of action for strangulation. *See* Restatement (Second) of Torts §§ 13-34 (listing intentional torts, addressing the interest in freedom from harmful and offensive bodily contact and not including an independent tort of strangulation). Rather, the claims for excessive force, assault and battery encompass any alleged physical assault that included strangulation. *See, e.g., Wells v. Yale University*, No. 10-CV-2000(HBF), 2013 WL 6511694 (D. Conn. Dec. 12, 2013).

is entitled to relief[.]" FED. R. CIV. P. 8(a)(2). The plaintiff must "disclose sufficient information to permit the defendant 'to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (quoting *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)). The Complaint in this case detailed the circumstances surrounding the January 8, 2019 arrest of the plaintiff by Stamford police officers. In the Complaint, the plaintiff alleges that the officers were trying to get him to open his mouth, that he told the officers he did not have anything inside his mouth, that the physician he saw after his arrest determined that the plaintiff had not ingested any drugs, and that he did not "try to swallow drugs." (Comp. § IV, ¶¶ 5, 6, 9, 15, 19). These facts—combined with the plaintiff's claim that the "unlawful search and seizure" violated his constitutional rights—are sufficient to put the defendants on notice of the claim asserted against them. Thus, though the Complaint could be more detailed as to this cause of action, construing the *pro se* plaintiff's allegations liberally, *see Sykes*, 723 at 403, the Court recommends that the unreasonable search and seizure in violation of the Fourth Amendment be allowed to proceed.

    D.    <u>Official Capacity Claims Against All Defendants and Individual Capacity Claims Against Defendants Jentz and Garay</u>

The Complaint asserts claims against the defendants in their individual and official capacities. Because the plaintiff has not alleged facts suggesting the existence of a municipal policy or custom, the undersigned recommends dismissal of the claims against the defendants in their official capacities. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (holding that a claim

7

against a municipal official in his official capacity is considered to be a claim against the municipality); *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (requiring "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation" before municipal liability); *see also Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). Moreover, because the Complaint contains no specific allegations of misconduct against Defendants Jentz and Garay, the Court recommends dismissal of the claims brought against them as well. *See Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) (holding that, to establish a defendant's individual liability in a suit brought under Section 1983, a plaintiff must "show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation."). Nevertheless, because the Court cannot find that amendment of these claims would be futile, these claims are dismissed without prejudice. *See Simmons*, 49 F.3d at 86-87; *Cuoco*, 222 F.3d at 112.

III. <u>CONCLUSION</u>

For the reasons stated above, the Court recommends that the claim for discrimination in violation of the Fourteenth Amendment be dismissed as to all defendants without prejudice and that the remaining claims of excessive force and unreasonable search and seizure in violation of the Fourth Amendment, and common law assault and battery, be allowed to proceed against Defendants Derocco, Leachan and Phillips. The Court also recommends that the claims against all of the defendants in their official capacities and the claims against Defendants Jentz and Garay in their individual capacities be dismissed without prejudice. If the plaintiff wishes to pursue his discrimination claim, his claims against the defendants in

8

their official capacities, or his claims against Defendants Jentz and Garay in their individual capacities, he must file an amended complaint on or before March 4, 2020.

This is a recommended ruling. *See* Fed. R. Civ. P. 72(b)(1). Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days after filing of such order. *See* D. Conn. L. Civ. R. 72.2(a). Any party receiving notice or an order or recommended ruling from the Clerk by mail shall have five (5) additional days to file any objection. *See* D. Conn. L. Civ. R. 72.2(a). Failure to file a timely objection will preclude appellate review. *See* 28 U.S.C. §636(b)(1); Rules 6(a) & 72 of the Federal Rules of Civil Procedure; D. Conn. L. Civ. R. 72.2; *Impala v. United States Dept. of Justice*, 670 F. App'x 32 (2d Cir. 2016) (summary order) (holding that failure to file timely objection to Magistrate Judge's recommended ruling will preclude further appeal to Second Circuit); *Small v. Secretary of H.H.S.*, 892 F.2d 15 (2d Cir. 1989) (per curiam).

Dated at New Haven, this 12th day of February, 2020.

                                                      /s/ Robert M. Spector, USMJ_____
                                                     Robert M. Spector
                                                     United States Magistrate Judge