UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JERRELL COOK, | : | |
| *Plaintiff*, | : | CIVIL ACTION NO. |
| | : | 3:19-cv-01982 (MPS) |
| v. | : | |
| | : | |
| OFFICER BRENDAN PHILLIPS, ET AL., | : | |
| *Defendants*. | : | |

**RULING ON PENDING MOTIONS**

Defendants Sergeant Brendan Phillips, Officer Daniel DeRocco, and Officer Matthew Linnehan[1] move for the imposition of sanctions for the plaintiff's failure to respond to their June 9, 2020 interrogatories and request for production of documents.  ECF No. 23.  The plaintiff has filed a motion for an extension of time to conduct discovery and a request for more time due to the misconduct of the defendants.  ECF Nos. 24, 26.  For the reasons set forth below, the defendants' motion for sanctions is denied without prejudice and the plaintiff's motions for extension of time are denied.

**I.     Plaintiff's Current Mailing Address**

Plaintiff's address on file with the Court as of October 29, 2021, is New Haven Correctional Center, Whalley Avenue, New Haven, Connecticut 06530.  The Department of Correction website reflects that Plaintiff is no longer confined at New Haven Correctional Center or any other Connecticut prison facility.  *See* http://www.ctinmateinfo.state.ct.us/searchop.asp (using Plaintiff's CT DOC Inmate Number 286320 or Jerrell Cook).

---

[1]     The complaint lists Stamford Police Officer Leachan as a defendant.  *See* ECF No. 1 at 1.  On April 29, 2020, counsel filed an appearance for Defendants Officer Daniel DeRocco, Officer Matthew Linnehan, and Sergeant Brendan Phillips.  *See* ECF No. 15.  On May 5, 2020, a waiver of service summons form addressed to Officer Leachan was returned to the Court with a notation that Officer Leachan's last name was spelled Linnehan. *See* ECF No. 18.  It is apparent from these documents and an exhibit to the complaint filed by the plaintiff that the Plaintiff misspelled Stamford Police Officer Matthew Linnehan's last name as Leachan in the complaint.  *See* ECF

Local Rule 83.1(c)(2) requires a *pro se* litigant to keep the Court apprised of an address where the Clerk can mail copies of orders and rulings.  In a letter to the Court dated July 4, 2021, the plaintiff indicated that he was to be released from prison on July 16, 2021 and that his address after his release from prison would be 28 Perry Street, Apartment 3D, Stamford, Connecticut 06902.  *See* ECF No.  27.  The Clerk is directed to update the plaintiff's address on the docket to reflect the address set forth in the preceding sentence.  The Clerk is also directed to mail a copy of this order to the plaintiff at 28 Perry Street, Apartment 3D, Stamford, Connecticut 06902.  Within thirty days of the date of this order, the plaintiff shall file a written notice confirming his current mailing address.

## II.    Defendants' Motion for Sanctions [ECF No. 23]
       Plaintiff's Motion for Extension of Time [ECF No. 24]

On June 9, 2020, the defendants served interrogatories and a request for production on Plaintiff.  ECF No. 23-1.  On September 25, 2020, the defendants moved to compel the plaintiff to respond to both discovery requests.  On January 15, 2021, the Court granted the motion to compel and extended the date for completion of all discovery by the parties to March 31, 2021.  *See* ECF No. 22.  On February 10, 2021, counsel for the defendants sent a letter to the plaintiff regarding his failure to respond to the June 9, 2020 interrogatories and request for production of documents as he had been ordered to do so by the Court.  ECF No. 23-1 at 2.  The plaintiff did not respond to the letter.

Pursuant to Federal Rule of Civil Procedure 37(b)(2), the defendants move for sanctions in the form of a dismissal of the action due to the plaintiff's failure to comply with the Court's January 15, 2021 order that he respond to the June 9, 2020 interrogatories and request for

No. 12 at 4.

2

production of documents as well as the plaintiff's alleged failure to provide information and documents in response to the Court's Standing Order requiring Initial Disclosures.  They contend that they are unable to defend the allegations asserted in the complaint and claims that proceed due to the plaintiff's failure to comply with the orders and rules regarding discovery, including initial discovery disclosures, and cannot depose the plaintiff without the materials and information sought in the June 2020 discovery requests.  ECF No. 23 at 3.

As an initial matter, the plaintiff filed this action *pro se* at a time when he was in the custody of the State of Connecticut Department of Correction.  ECF No. 1.  As such, he is exempt from the required initial disclosures of information set forth in Rule 26(a)(1), Fed. R. Civ. P.  *See* Rule 26(a)(1)(B) ("Proceedings Exempt from Initial Disclosures ... (iv) an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision.").  Nor has the Court entered an order requiring initial disclosures.

Rule 37(b)(2)(A) provides that:

If a party or a party's officer, director, or managing agent ... fails to obey an order to provide or permit discovery, ... the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).  District courts have "wide discretion in imposing sanctions under Rule 37."  *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010)

(citation omitted).  "[D]ismissal with prejudice is a harsh remedy," however, and should be invoked "only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (citation omitted).  In addition to evidence of willfulness, bad faith, or fault, a district court may consider "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance."  *S. New Eng. Tel. Co.*, 624 F.3d at 144 (citations omitted).

On April 30, 2021, approximately one month after the defendants filed their motion for sanctions, the plaintiff filed a "Motion to Extend time for Discovery."  ECF No. 24.  He seeks "more time" because "we are in a Pandemic" and he has "been unable to get documents, witnesses, and other important information to help [him] prepare [his] argument." *Id.* at 1.  The plaintiff offers no description of the attempts that he made to secure documents or witnesses, or other information.  The plaintiff does not acknowledge the motion for sanctions filed by the defendants or counsel's letter dated February 10, 2021.  Nor does he adequately explain why he could not provide the information requested in response to the June 9, 2020 interrogatories or provide copies of the documents sought by the defendants in the June 9, 2020 request for production.  The plaintiff's allegations do not demonstrate good cause to extend the date for the completion of discovery.  Accordingly, the motion to extend the date for completion of discovery is denied.

On July 12, 2021, the plaintiff sent a letter to the Court.  ECF No. 27.  In that letter, the plaintiff concedes that he has documentary evidence from physicians, copies of police reports,

and information pertaining to criminal charges that were dismissed on December 23, 2019 in Stamford Superior Court. *Id.* at 1. He also states that he has no legal training and that it has been difficult to find an attorney who might be willing to represent him. He mentions that he has spoken to an attorney, who is representing him in a criminal matter, and is waiting to hear back from the attorney. *Id.* at 1-2. This letter suggests that the plaintiff has information and documents that may be responsive to the defendants' June 9, 2020 interrogatories and request for production of documents. *Id.* at 1. The plaintiff does not explain why he has not responded to the interrogatories or sent any documents to the defendants in response to the production request.

Despite the plaintiff's insufficient attempts to justify his failure to respond to the defendants' discovery requests for over nine months prior to the filing of the motion for sanctions, the Court concludes that the severe sanction of dismissal of the action is not warranted at this time. Thus, the defendants' motion for sanctions is denied without prejudice.

The Court will permit the plaintiff, who proceeds *pro se*, one more opportunity to answer the defendants' June 9, 2020 interrogatories and to provide documents that are responsive to the June 9, 2020 request for production of documents. Within thirty days of the date of this order, the plaintiff must answer the June 9, 2020 interrogatories and produce documents in response to the June 9, 2020 request for production of documents and must also file a notice with the Court indicating the date on which he mailed his responses to the interrogatories and the copies of documents to counsel for the defendants. The Court warns the plaintiff, however, that if he fails to comply with either the order to respond to the June 2020 discovery requests or the order to file a notice of compliance within the time specified, the Court will consider imposing sanctions, including dismissal of this action. *See, e.g.*, *Agiwal,* 555 F.3d at 302 ("All litigants,

including *pro ses,* have an obligation to comply with court orders ... and failure to comply may result in sanctions, including dismissal with prejudice.") (internal quotation marks, brackets, and citation omitted).

### III.   Plaintiff's Request for More Time [ECF No. 26]

The plaintiff seeks "more time due to new evidence of misconduct" of one of the defendants.  In support of the motion, he states that on July 9, 2021, his girlfriend filed a complaint with the Department of Justice regarding ongoing misconduct of the defendants and others.  He claims that Officer Phillips contacted his girlfriend, entered her home without a warrant, and confiscated items of personal property.  To the extent that the plaintiff's motion could be construed as a motion for extension of time to file an amended complaint to assert new allegations against the defendants, the motion is denied.  The allegations and claims that are asserted in the complaint and that proceed in this action arise from the plaintiff's arrest on January 8, 2019.  *See* ECF Nos. 1, 14.  The allegations in the plaintiff's motion pertain to an incident or incidents that occurred after the plaintiff's arrest and involve the plaintiff's girlfriend who is not a party to this action.  Thus, those allegations are not related to the allegations and claims that proceed.

In addition to the fact that the allegations described in the motion are unrelated to the allegations and claims that are asserted in the complaint, the plaintiff, as a *pro se* litigant, does not have standing to assert claims on behalf of his girlfriend.  *See* 28 U.S.C. § 1654 ("[T]he parties may plead and conduct their own cases personally or by counsel."); *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 358 (2d Cir. 2016) ("Another prudential [limit on standing is the] principle is that a plaintiff may ordinarily assert only his own legal rights, not

those of third parties.") (citing *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *Singleton v. Wulff*, 428 U.S. 106, 113 (1976)); *Berrios v. N.Y.C. Housing Auth.*, 564 F.3d 130, 132 (2d Cir. 2009) ("Although § 1654 thus recognizes that an individual generally has the right to proceed *pro se* with respect to his *own* claims or claims against him personally, the statute does not permit unlicensed laymen to represent anyone else other than themselves.") (citation, internal quotation marks, and brackets omitted)).  The plaintiff asserts no facts to suggest that he is a licensed attorney or that his girlfriend could not assert claims that are personal to her in a separate action. Accordingly, there is no basis to permit the plaintiff additional time to pursue the alleged "misconduct" of one of the defendants arising from an incident involving his girlfriend that is unrelated to the claims that are asserted in the complaint and that proceed in this case.  The request for more time is denied.

**Conclusion**

Defendants' Motion for Sanctions, [**ECF No. 23**], is **DENIED** without prejudice. Plaintiff's Motion for Extension of Time, [**ECF No. 24**], to conduct discovery and Plaintiff's "Request for More Time," [**ECF No. 26**], are **DENIED**.

**Within thirty days of the date of this order, the plaintiff must respond to the defendants' June 9, 2020 interrogatories in accordance with Rule 33, Fed. R. Civ. P. and the Court's prior order granting the defendants' motion to compel; produce documents in response to the defendants' June 9, 2020 request for production of in accordance with Rule 34, Fed. R. Civ. P. and the Court's prior order granting the defendants' motion to compel; and file a notice with the Court indicating the date on which he mailed his responses to the interrogatories and the copies of documents to counsel for the defendants.**  The Court warns

the plaintiff that if he fails to comply with either the order to respond to the June 2020 discovery requests or the order to file a notice of compliance, within the time specified, the Court will consider imposing sanctions, including dismissal of this action.

The Clerk is directed to mail a copy of this ruling and order to the plaintiff at 28 Perry Street, Apartment 3D, Stamford, Connecticut 06902. **Within thirty (30) days of the date of his order, the plaintiff must file a written notice confirming his current mailing address as required by Local Rule 83.1(c)(2).** Failure to file a notice within the time specified may result in dismissal of the case without further notice from the Court.

The Court reminds the plaintiff that he must give notice of a new address. He should write PLEASE NOTE MY NEW ADDRESS on the notice. If the plaintiff has more than one pending case, he should indicate all case numbers in the notification of change of address. The plaintiff should also notify the attorney for the defendants of his new address.

SO ORDERED at Hartford, Connecticut this 29th day of October, 2021.

_/s/_____
Michael P. Shea
United States District Judge

8